**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION**

DON JEFFERS
ADC #75604                                                                                               PLAINTIFF

V.                                      NO: 4:06CV00683 GTE

MIKE BEEBE *et al.*                                                                                  DEFENDANTS

## ORDER

Plaintiff, currently incarcerated at Wrightsville Unit of the Arkansas Department of Correction ("ADC"), filed this *pro se* complaint (docket entry #2), pursuant to 42 U.S.C. § 1983, on June 14, 2006, along with an application to proceed *in forma pauperis* (docket entry #1).

### I. Screening

The Prison Litigation Reform Act ("PLRA") requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In conducting its review, the Court is mindful that a complaint should be dismissed for failure to state a claim only if it appears beyond doubt that a plaintiff can prove no set of facts that would entitle him to relief. *Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d 649, 651 (8th Cir. 1998). When making this determination, the Court must accept the factual allegations in the complaint as true, and hold a plaintiff's *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers. . . ." *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*).

However, such liberal pleading standards apply only to a plaintiff's factual allegations. *Neitzke v. Williams*, 490 U.S. 319, 330 n. 9 (1989). Finally, a plaintiff's complaint still must contain facts sufficient to state a claim as a matter of law and must not be merely conclusory in its allegations. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## II.  Plaintiff's Claims

Plaintiff's complaint alleges that the Arkansas legislature enacted an ex post facto law and violated the separation of powers doctrine by passing a law requiring prisoners to wait four years before reapplying for executive clemency after a denial. Plaintiff has named Arkansas Attorney General Mike Beebe, Arkansas Governor Mike Huckabee, and the State of Arkansas as Defendants. All Defendants have been named in their official capacity only. It is well-established that prisoners have no constitutional or fundamental right to clemency. *Connecticut Bd. of Pardons v. Dumschat*, 452 U.S. 458, 463-464 (1981); *Joubert v. Nebraska Board of Pardons*, 87 F.3d 966, 969 (8the Cir 1996). Further, the Arkansas Statute imposes no standards constraining discretion about granting clemency, and thus does not create a constitutional right and invoke the Due Process Clause. *Whitmore v. Gaines*, 24 F.3d 1032, 1034 (8th Cir. 1994). The fact that the Arkansas Legislature may have changed the manner in which Plaintiff may request mercy to which he is not legally entitled simply does not rise to the level of a constitutional violation.

Because the Court has determined that Plaintiff's complaint fails to state a federal constitutional claim, the Court will decline to exercise supplemental jurisdiction over his state claim that the Arkansas Statute violates the Arkansas Constitution. *See Gibson v. Weber*, 433 F.3d 642, 647 (8th Cir. 2006) (Congress unambiguously gave district courts discretion in 28 U.S.C. § 1367(c) to dismiss supplemental state law claims when all federal claims have been dismissed).

## III. Conclusion

IT IS THEREFORE ORDERED THAT:

1. Plaintiff's complaint is DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted.

2. This dismissal counts as a "strike" for purposes of 28 U.S.C. § 1915(g).

3. The Court certifies that an *in forma pauperis* appeal taken from this order and judgment dismissing this action is considered frivolous and not in good faith.

4. Plaintiff's motion for leave to proceed *in forma pauperis* (docket entry #1) is DENIED AS MOOT.

DATED this 6th day of June, 2006.

        _/s/ Garnett Thomas Eisele_____
        UNITED STATES DISTRICT JUDGE